496 P.2d 636

**Doris M. Greenwell MARCO, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, The Honorable Judge Joe Jacobson, Judge of the Superior Court, Pima County, Arizona, Div. II, Ralph MARCO, the Real Party In Interest, Respondents.**

**No. 2 CA–CIV 1212.**

Court of Appeals of Arizona, Division 2.

May 3, 1972.

As Amended May 10, 1972.

Dowdall, Harris, Hull & Terry, by Robert Allen Schuler, Tucson, for petitioner.

Dominic Piccirilli, Tucson, for respondents.

HOWARD, Judge.

This is a petition for special action revolving around the propriety of the trial court's order in a domestic relation case.

On February 28, 1972, the court commissioner entered an order restraining, pendente lite, either party from annoying or molesting each other or from committing any violence on the other, or making any threats of violence. The restraining order did not prevent either party from entering on the premises at 1511 North Louis, Tucson, Arizona, which was their place of residence. On March 30, 1972, the petitioner, defendant in the court below, filed a petition for an order to show cause alleging, inter alia, that the real party in interest, plaintiff below, had violated the restraining order and asking that the real party in interest be held in contempt and restrained from annoying, molesting or committing any acts of violence toward the petitioner. The petition bore the signature of petitioner's attorney.

The real party in interest responded to the petition by filing his own petition for an order to show cause alleging, inter alia, that petitioner had violated the previous restraining order and asking that the petitioner be held in contempt and enjoined from entering or remaining on the premises at 1511 North Louis, Tucson. The real party in interest's petition was signed not only by the real party in interest but also by his attorney.

At the time set for hearing on both petitions the court, after announcing the case, made the following statement:

"Gentlemen, I have read this file in its entirety and based on Rule 11 of the Rules of Civil Procedure both attorneys avow for the authenticity of the briefings [sic] that they filed, and it is clear to the Court that these people should be further restrained from annoying or molesting each other, and the file indicates that the trial is set for the 15th of next month. Plaintiff apparently is a man eighty two years of age and the defendant is sixty two years of age or sixty three and both have committed acts against each other, at least alleged acts that are not consistent with living in harmony with each other."

The court then proceeded to inform the parties and their counsel that it was going to enter an order restraining each party from annoying or molesting the other and

further enter an order permitting the real party in interest to remain in the premises at 1511 North Louis and requiring the petitioner to move from the premises within two days.

The court then went on to inform counsel that they should tell their clients that if they violated the restraining order they would go to jail.

The following dialogue then occurred between the attorney for petitioner and the court:

"MR. SCHULER: Your Honor, the defendant would like to file an objection for the record that—

THE COURT: What is your objection?

MR. SCHULER: That in the Court's taking the affidavits or the petitions on the basis of the counsel's say so is acceptance of hearsay.

THE COURT: If you want to go against Rule 11 that is your privilege. When you sign a pleading, young man, in this Court or in any other court you vouch for its authenticity. You read Rule 11 of the Rules of Civil Procedure and get yourself acquainted with it. That is the recommendation of the Court. If you wish to file an objection, that is your privilege.

That is all. You may be excused."

Petitioner contends that the trial court abused its discretion and exceeded its jurisdiction by entering an injunction based on the pleadings without permitting petitioner's counsel to have a hearing on the matter, cross-examine the witnesses and present evidence to the court. We agree.

■ Rule 11 of the Arizona Rules of Civil Procedure, 16 A.R.S., says that the signature of an attorney constitutes a certificate by him that he has read the pleading, that to the best of his knowledge, information, and belief, there is good ground to support it and that it is not interposed for the purpose of delay. Rule 11 cannot be read to mean that the signing of pleadings by an attorney constitutes an adjudication on the merits of the factual issues contained therein. Carrying the trial court's construction of the rule to its conclusion, an attorney's signature on an automobile accident complaint would entitle the plaintiff to judgment without the necessity of any further proceedings. We know of no cases which support such a bizarre result.

■ The Fourteenth Amendment to the Constitution of the United States provides that the states shall not deprive any person of life, liberty or property without due process of law. The due process clause requires that every man shall have the protection of his day in court, and the benefit of the general law, a law which hears before it condemns, which proceeds not arbitrarily or capriciously, but upon inquiry and renders judgment only after trial. Truax v. Corrigan, 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 254 (1921). As applied to judicial proceedings, the due process clause simply means that a party shall have his day in court. State ex rel. and to Use of Chicago Great Western R. Co. v. Public Service Comm'n, 330 Mo. 729, 51 S.W.2d 73, cert. denied, 287 U.S. 641, 53 S.Ct. 89, 77 L.Ed. 555 (1932). It means that no citizen shall be deprived of his life, or his liberty, or his property, without reasonable notice and reasonable opportunity to be heard according to the regular and established rules of procedure. Board of Levee Comm'rs of Fulton County v. Johnson, 178 Ky. 287, 199 S.W. 8 (1917); 16A C.J.S. Constitutional Law § 567(b) (1956).

■ There can be no doubt that the petitioner did not have her day in court. The real party in interest contends that petitioner's attorney did not make it clear enough to the court that he desired to put on evidence. The record demonstrates that petitioner did object to the proceeding and that any further objection would have been futile.

The petition for special action is granted and the order of the trial court is vacated.

KRUCKER, C. J., and HATHAWAY, J., concur.