No. 13780

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

CAROL JO HALLDORSON,

Plaintiff and Respondent,

-vs-

JOSEPH B. HALLDORSON,

Defendant and Appellant.

Appeal from:  District Court of the Fourth Judicial District,
              Honorable Edward Dussault, Judge presiding.

Counsel of Record:

    For Appellant:

        Smith Law Firm, Helena, Montana
        Robert J. Sewell, Jr. argued, Helena, Montana

    For Respondent:

        Patterson, Marsillo & Tornabene, Missoula, Montana
        Charles J. Tornabene argued, Missoula, Montana

Submitted:  December 6, 1977

Decided: DEC 28 197.

Filed:  28 197/

_Thomas J. Kearney_ Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

Appellant Joseph B. Halldorson appeals from the final decree of dissolution of marriage entered in the district court, Missoula County, January 27, 1977. The court ordered dissolution of the marriage between appellant and respondent Carol Jo Halldorson, awarded custody of the parties' three year old son to respondent, ordered appellant to pay $150 per month child support, and made a division of their property.

Respondent filed a petition for dissolution of marriage September 9, 1976, asking for custody of the child, child support, and a property settlement. Appellant counterclaimed for custody, child support, and a different division of property.

Custody and visitation became a problem pending the trial and on December 21, 1976, respondent sought and obtained a temporary custody order, temporary child support, and an order preventing appellant from using the family home or disturbing the peace of respondent. Such order was made permanent pendente lite following a hearing.

Trial was set for December 15, 1976, at which time respondent (petitioner in the divorce proceeding) began her case-in-chief. Respondent herself was sworn and testified first. At the conclusion of her testimony, the district judge made the following statement:

> "THE COURT: I will at this time take a short recess, and I would just state to any witnesses who are here: both of these people, Petitioner and Respondent, are public employees just like I am, and I do not favor anyone exposing their wash--their dirty linens--in public. Those who are here I don't believe will have to remain to testify, because there's not that much difference, in reading the file, between the two parties. They're both very fine people; very well educated people. They both love that child. They both love that property.
>
> "I think the Petitioner stated it's up to the Court, and I don't want to cut you people off, but

- 2 -

> a decision made by a Court is never as good
> as the one made between the parties. Somebody
> is going to, I suppose, suffer from it, but I'd
> like to see for a few minutes after I get a chance
> to talk to counsel, both Mr. and Mrs. Halldorson
> in Chambers without counsel. Thank You."

A recess was called and the trial was never reconvened.

The district court filed proposed findings of fact and conclusions of law January 6, 1977, and its final decree on January 27.

There is no record of any objection by either party to the discontinuance of the trial, nor is there any objection to the proposed findings and conclusions.

On February 28, 1977, appellant filed a motion to vacate judgment with the district court. Apparently the motion to vacate judgment has not been acted upon.

The controlling issue on appeal is No. 1 and in view of the fact the case must be returned to the trial court, we will discuss only that issue--due process.

Appellant argues that due process, in its most rudimentary form, requires that a party have his day in court and appellant was deprived of his day in court by the termination of the trial. He relies generally on several state and federal cases, such as Thompson v. Tobacco Root Co-Op, (1948) 121 Mont. 445, 450, 193 P.2d 811:

> "It is well settled that notice and opportunity
> to be heard are essential elements of due process."

More specifically, appellant relies upon an Arizona case, Marco v. Superior Court, (1972) 17 Ariz.App. 210, 496 P.2d 636. In Marco, the Arizona Supreme Court overturned a restraining order which had been issued on the basis of the pleadings alone. The trial court had refused to conduct a hearing on the matter even though the complaining party strongly objected. The supreme court held that the refusal of the district court to conduct a

hearing deprived complainant of her right to due process under the Fourteenth Amendment, which " * * * means that no citizen shall be deprived of his life, or his liberty, or his property, without reasonable notice and reasonable opportunity to be heard according to the regular and established rules of procedure." Marco, 496 P.2d at 638.

Respondent does not seem to question that the action of the district court would be error if properly objected to, but argues that appellant waived any error by failing to object to the procedure. Respondent points to a long line of Montana cases, not involving the precise factual situation as here but stating the general rule that an objection raised for the first time on appeal is not timely. Berdine v. Sanders County, (1974) 164 Mont. 206, 520 P.2d 650; Boehler v. Sanders, (1965) 146 Mont. 158, 404 P.2d 885.

Respondent states appellant was not deprived of notice and opportunity to be heard--he had the opportunity but failed to avail himself of it. The nearest case supporting respondent's position is Turner v. Turner, (1972)/157 Mont. 262, 484 P.2d 1303. This Court in Turner dismissed an appeal from findings of fact and conclusions of law because appellant failed to except to the findings, conclusions and judgment at the District Court level.

In reply appellant requests this Court to consider and apply the "Plain error" doctrine under which this Court may consider questions raised for the first time on appeal if the error affects the substantial rights of the parties. 5 Am Jur 2d Appeal and Error § 549, p. 34; 5 C.J.S. § 1220, p. 42. While this doctrine has not previously been recognized in this jurisdiction it has nationwide recognition in both the Federal system and in the courts of most of the state jurisdictions.

Ordinarily errors not raised below will not be considered

- 4 -

on appeal, however this rule is subject to the exception that when the question is raised for the first time on appeal it relates to the fundamental rights of the parties. As noted by the Washington Supreme Court in the case of Maynard Investment Co. v. McCann, 77 Wash.2d 616, 465 P.2d 657, 661:

> "The exception to the rule is a salutary one. Courts are created to ascertain facts in a controversy and to determine the rights of parties according to justice. Courts should not be confined by the issues framed or theories advanced by the parties if the parties ignore the mandate of a statute or an established precedent * * *."

See also State v. Kaliman, 10 Wash.App. 41, 516 P.2d 1096; Kudrna v. Comet Corporation,/____Mont.____, ____P.2d____, 34 St.Rep. 1386 (1977)

See M.R.Ev., Rule 103.

We note here that appellant alleges that there is no record that his trial attorney ever saw the trial court's findings of fact and conclusions of law, and that he had no opportunity to object. However, the record shows counsel made a motion to vacate judgment.

In adopting the "plain error" doctrine we believe that appellate courts have a duty to determine whether the parties before them have been denied substantial justice by the trial court, and when that has occurred we can, within our sound discretion, consider whether the trial court has deprived a litigant of a fair and impartial trial, even though no objection was made to the conduct during the trial.

In adopting this rule we hold that the exception will not be applied where the failure or refusal to raise the issue in the trial court was conscious and intentional on the part of trial counsel. Johnson v. United States, 318 U.S. 189, 87 L.Ed. 704, 63 S.Ct. 549, reh.den. 318 U.S. 801, 87 L.Ed.1164, 63 S.Ct. 826.

Judgment is reversed and the cause is returned to the District Court for a new trial.

_____
                          Justice

We concur:

_____
      Chief Justice

_____

_____

_____
      Justices

- 6 -