No. 83-414

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

CHARLES THOMAS RENO and
KARYN L. RENO,

                    Plaintiffs and Appellants,

    -vs-

THOR O. ERICKSTEIN,

                  Defendant and Respondent.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Richter & Associates; Frank C. Richter, Billings,
        Montana

    For Respondent:

        Moulton, Bellingham, Longo & Mather; Brent Cromley,
        Billings, Montana

_____

Submitted on Briefs: December 22, 1983

Decided: March 29, 1984

Filed:    MAR 29 1984

_Ethel M. Harrison_
_____
Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

Plaintiffs Charles and Karyn Reno appeal from an order of the District Court of the Thirteenth Judicial District, Yellowstone County, denying their motion for a new trial in a personal injury suit against defendant Thor Erickstein. For reasons stated below, we affirm the order of the District Court.

Charles and Karyn Reno were injured when the car in which they were riding was struck on October 31, 1982, by a vehicle driven by the defendant, Thor Erickstein. The defendant admitted liability shortly after the plaintiffs filed suit. The trial was confined to the issue of damages. Plaintiffs each sought $130,000 for pain and suffering, $2,103.60 for present medical expenses, $2,500 in future medical expenses, $16,058 for income lost by both plaintiffs, and $2,160 for cost of a rental vehicle. An unspecified sum in lost future wages was also claimed. Defendant paid the present medical expenses plus $3,312.75 for repairs to plaintiffs' car prior to trial, but contested the other amounts claimed as damages.

Shortly before the start of trial in May, 1983, plaintiffs' attorney objected to defense counsel's motion in limine to prevent mention of insurance matters during trial. Plaintiffs were apparantly intent upon pursuing a bad faith action against the defendant's insurance company. The court reminded plaintiffs' attorney that the immediate complaint was against defendant on the issue of damages caused by his negligence, but offered to continue the proceedings to allow joinder of the insurance company. Plaintiff's counsel

apparantly elected to proceed against the defendant alone.

The case was heard before a jury. Plaintiffs testified as to their injuries, as did a physician and a chiropractor. Other witnesses testified in support of claims for lost income and car damage. Defendant also called an expert medical witness in support of his challenge to the extent of plaintiffs' injuries. After deliberations, the jury returned a verdict awarding plaintiffs $5000 in damages. The District Court entered judgment in that amount.

Plaintiffs moved for a new trial, alleging that "inflammatory" remarks made by defense counsel to the jury during closing arguments and the inability to present evidence of the insurance company's bad faith unjustly prejudiced their case. After a hearing and upon submission of briefs, the motion was denied. Plaintiffs appeal from the order denying a new trial.

Plaintiffs present three issues for this Court's consideration:

(1) Whether portions of defense counsel's final argument to the jury were in violation of defense counsel's own motion in limine concerning mention of insurance, because of counsel's alleged reference to defendant's supposed lack of liability insurance?

(2) Whether the trial court's Jury Instruction No. 15 improperly alluded to a lack of insurance coverage?

(3) Whether the trial court improperly excluded evidence of alleged bad faith activity by defendant's insurance company?

Pursuant to Rule 14, M.R.App.Civ.P., defendant asks

this Court to decide whether evidence of unemployment compensation awarded Charles Reno prior to the first trial should be admitted in the event a new trial is ordered. A motion to admit such evidence was denied by the trial judge during the first trial. Because of our disposition of this appeal, we need not address defendant's issue.

Although plaintiffs' main goal in this appeal is procurement of a new trial in the District Court, their theories in support of this goal are mutually exclusive. Issues One and Two turn on whether the trial proceeded contrary to the court's order forbidding mention of insurance. Issue Three, on the other hand, involves an attempt to nullify the court's order granting the motion in limine. Although this approach is purely strategic, with the obvious aim of obtaining a new trial on any one issue, we find that under no circumstances are plaintiffs entitled to a new trial.

Plaintiffs' first ground for new trial is based on nine alleged references by defense counsel to the defendant's supposed lack of insurance coverage, a violation of the trial court's order granting a motion in limine and Rule 411, Mont.R.Evid. We note, however, that at no time immediatedly preceeding the delivery of these allegedly impermissible references did plaintiffs' counsel interpose an objection. We find that this failure to object is fatal to the success of plaintiffs' argument on appeal.

In Rasmussen v. Sibert (1969), 153 Mont. 286, 456 P.2d 835, we emphasized the importance of immediate objection to erroneous interjection of insurance matters. In that case, the plaintiff inadvertently referred to insurance during his

testimony. Nevertheless, defendants did not object to this admission. After the jury returned a verdict in favor of plaintiffs, defendants moved for a new trial because of the previous mention of insurance. The trial court granted the motion, but this Court reversed, holding that:

> ". . . by his failure to object, ask for an admonition by the court to the jury to disregard plaintiff's testimony, move for a mistrial, or request a corrective jury instruction, defendant waived any objection he otherwise might have had to plaintiff's testimony and is estopped from raising this for the first time on motion for a new trial.

> " . . .

> "Here there was no objection or motion to strike the testimony, no request for admonition by the court, no motion for mistrial, and no request for a corrective jury instruction. Briefly stated, defendant did nothing. In so doing defendant took a calculated risk. He knew the words had been uttered. He knew that no issue had been raised thereon. He knew that the jury had not been admonished or instructed to disregard this testimony; and he knew that his case was being submitted to the jury on this basis. Under these circumstances, defendant's failure to object or request corrective action constituted a waiver of objection on this issue. It cannot be urged for this first time upon motion for a new trial following an adverse jury verdict. [Citations omitted.] To hold otherwise would not only put the trial court in error on an issue which had not been presented to it for ruling, but would permit a litigant to submit his case to the jury for a possible verdict in his favor, and in the event he was unsuccessful, would permit him another determination by another jury." 153 Mont. at 294-95, 456 P.2d at 840-41.

See also Klaus v. Hillberry (1971), 157 Mont. 277, 485 P.2d 54. Accord, Causey v. Cornelius (1958), 164 Cal.App.2d 269, 330 P.2d 468. See generally Annot., 40 A.L.R.Fed. 541, 570-71 (1978) (failure to object to impermissable references

to insurance amounts to waiver of objection); Annot., 2 A.L.R.2d 761, 820-21 (1949) and Later Case Service (1971 and Supp. 1983) (failure to object to prejudicial references to insurance amounts to waiver of objections).

Plaintiffs' counsel admits that he did not interpose objections. Nevertheless, he maintains that the alleged errors are reviewable under the "plain error" doctrine. Rule 103(d), Mont.R.Evid., provides that, notwithstanding the requirement of Rule 103(a)(1) concerning timely objections or motions to strike, a trial or appellate court is not precluded from "taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court." See also Halldorson v. Halldorson (1977), 175 Mont. 170, 573 P.2d 169. Plaintiffs insist that the allegedly objectionable references to lack of insurance were so clearly prejudicial as to compromise their substantial rights. We disagree.

This Court is not sympathetic to a broad definition of "substantial rights." The Montana Commission on Rules of Evidence has emphasized that the plain error doctrine "will be used in exceptional cases and should not be relied upon by counsel." Commission Comments, Rule 103(d), Mont.R.Evid. (1977). Indeed, in Halldorson, supra, we held that "the [plain error] exception will not be applied where the failure or refusal to raise the issue in the trial court was conscious and intentional on the part of trial counsel." 175 Mont. at 174, 573 P.2d at 172. To hold otherwise would so liberalize the plain error doctrine as to effectively negate the substance of the remainder of Rule 103.

Courts have typically confined the scope of the plain

error doctine to criminal cases, because the right to life and liberty is unquestionably substantial or fundamental. M. Graham, Handbook of Federal Evidence Section 103.9 (1981); 5 Am.Jur.2d Appeal and Error Section 549 (1962 & Supp. 1982) (citing cases). "Plain error" generally involves an act or omission of a more serious nature than "reversible error," and only on rare occasion is the former doctrine invoked in civil cases. Graham, supra. A review of federal court decisions construing Rule 103(d), Fed.R.Evid., which is identical to the Montana rules, confirms this observation. In the following civil cases, the courts have declined to extend the plain error doctrine to errors normally reversible but not objected to by counsel during trial: Dignataro v. Blackburn (4th Cir. 1983), 12 Fed. Rules Evid. Serv. 1539 (failure to object to exclusion of legally acceptable videotape testimony crucial to plaintiff's civil rights action); Adams v. Brown & Root, Inc. (5th Cir. 1983), 688 F.2d 410 (failure to object to evidence of widow's remarriage); O'Toole v. Arlington Trust Co. (1st Cir. 1982), 681 F.2d 94 (failure to object to otherwise inadmissible corporate documents crucial to establishing diversity of parties); Ellis v. City of Chicago (7th Cir. 1981), 667 F.2d 606 (failure to make offer of proof concerning excluded testimony); Bestway Equip. Serv., Inc. v. Berwind Lines, Inc. (1st Cir. 1981), 655 F.2d 440 (failure to object to evidence normally barred under parol evidence rule); Shingleton v. Armor Velvet Corp. (5th Cir. 1980), 621 F.2d 180 (failure to object to inadmissible references to defendant's "worldly circumstances" on issue of punitive damages); Chambley v. Georgia Steel, Inc. (5th

Cir. 1980), 617 F.2d 144 (failure to object to court's use of cryptic and overly compressed jury instructions); Blankenship v. Rockefeller (N.D. W.Va. 1981), 9 Fed.Evid.Rep. 960 (failure to object to prejudicial and inadmissible inquiries into plaintiff's alleged homosexuality and membership in Nazi party).

The doctrine has been applied in some civil cases, see, United States v. 91.9 Acres of Land (8th Cir. 1978), 586 F.2d 79, cert. den. (1979), 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1045; Harris v. Smith (8th Cir. 1967), 372 F.2d 806; Halldorson, supra, but none of these cases involved a failure or unwillingness to object to inadmissible references to insurance or the lack thereof. In Halldorson, plain error was invoked when the trial court effectively denied a party due process by recessing trial and entering judgment without allowing the party to present his case-in-chief--an unquestionable denial of the substantial right to a fair hearing. The party admittedly did not object to the recess, but he did move to vacate the judgment, once it was obvious that he had been denied an opportunity to present his case. Similarly, the Eighth Circuit applied the plain error doctine in United States v. 91.9 Acres to jury instructions which were legally correct in the abstract, but which proved inadequate during jury deliberations in a complex eminent domain case. In Harris, the same court concluded that it was plain error for a trial judge to receive hospital records into evidence but not place them before the jury, even when a proper foundation had been laid for receiving the records.

The error discussed in Halldorson is not involved in

-8-

the immediate case, so plaintiffs' reliance on it is misplaced. The Eighth Circuit decisions discussed above have not been cited by plaintiffs' counsel in support of applying the plain error doctrine, although they arguably lend some credibility to plaintiffs' implicit argument that unchallenged errors usually deemed reversible may be reviewed as plain error by a trial or appellate court. These decisions, however, should be measured against the almost universal rejection of the plain error doctrine in civil cases where errors do not implicate substantial and fundamental rights. It should also be emphasized that the plain error in United States v. 91.9 Acres did not become obvious until after the conclusion of trial; it was unforseeable that the jury instructions would prove unduly detrimental until after deliberations. Erroneous references to insurance, however, are readily apparant and should be challenged immediately. In Harris, the court applied the plain error doctine on its own initiative, without urging of counsel, to a matter not crucial to the outcome of the appeal. We also note that the underlying rationale of Harris has not been extended by the Eighth Circuit or any other court to other errors, perhaps reflecting the unique and possibly questionable holding in that case.

The weakness of plaintiffs' argument in support of applying the plain error doctrine in this case is readily apparant from a review of his reasons for failing to object. Plaintiffs' counsel insists that it would have been "useless" to object to the prejudicial references made by the defense attorney, because (1) the trial court would not have admonished the jury that defendant in fact had

insurance; and (2) objection would have necessarily interjected the insurance question in violation of the order prohibiting mention of insurance. Neither argument has merit. If comments by counsel are prejudicial or outside the bounds of a court order restricting argument, then opposing counsel (and sometimes the trial court) has an obligation to interpose objections. Request for a mistrial is also proper in some instances. It is speculative on the part of plaintiffs' counsel to argue that the trial court would have done nothing helpful in the face of the allegedly impermissible remarks by defense counsel. Similarly, plaintiffs' counsel need not have interjected the insurance question himself; the matter could have been raised in a bench conference or in chambers, both of which are outside the hearing and presence of the jury.

Plaintiffs' counsel more than likely "failed" to object because the true nature of the defense attorney's remarks to the jury did not warrant objection on grounds of impermissible reference to insurance matters. The allegedly objectionable statements, sprinkled randomly throughout the closing argument, neither overtly nor covertly mention insurance or the lack thereof. With the exception of the assertion by defense counsel that "the purpose here is not to punish Mr. Erickstein," a remark we think unnecessary, we find no reasonable basis for plaintiffs' counsel to allege the improper injection of insurance into the trial. Even if this one remark was enough to warrant serious objection, we emphasize that plaintiffs' counsel was silent after its making.

Plaintiffs' counsel would have this Court apply a

-10-

doctrine of limited scope to remarks of little or no consequence which in any event were left unchallenged. We reject the invitation to so extend the plain error doctrine, and adhere to our salutary rule that the time and place for objecting to unwarranted references to insurance is during trial.

Plaintiffs' second issue on appeal must also be dismissed. Plaintiffs maintain that Court's Jury Instruction No. 15, which instructed the jury that "the Defendant has made payment to the Plaintiffs in the sum of $3,312.70 for repair of the automobile of the Plaintiffs damaged in the accident [and] [y]ou are therefore not to consider damage to the Plaintiffs' automobile as an element of damages in this case," improperly conveys the idea that defendant had no liability insurance. We find no merit in this contention. Plaintiffs' counsel admittedly objected to the giving of this instruction, but only on grounds that the cost of repair was not in the pleadings. No objection was made that it improperly referred to a lack of insurance coverage. We note with interest that Court's Jury Instruction No. 16, which instructed the jury that the defendant had paid $2,549.60 in plaintiffs' medical bills, was offered by plaintiffs' counsel. It is unusual for plaintiffs' counsel to insist that one instruction submitted by defendants is impermissible while his own similar instruction is free from challenge.

Plaintiffs will not be heard to challenge on appeal an instruction for reasons not raised before the trial court. Rule 51, M.R.Civ.P. requires that the grounds for objection to jury instructions must be stated with particularity.

-11-

Exceptions should be made before submission of the case to the jury and their retirement, or they will not be considered. McKinstry v. Clark (1882), 4 Mont. 370, 1 P. 759. Even if there was some impropriety in giving the instruction, which there was not, the trial judge should have been given the opportunity to hear plaintiffs' objection before closing arguments and jury deliberations and render an appropriate ruling on the objection.

Plaintiffs' third issue on appeal also lacks merit. We recognize that Rule 411, Mont.R.Evid. does not require the exclusion of evidence of insurance against liability when the purpose behind introducing such evidence is to demonstate such things as "proof of agency, ownership, or control, or bias or prejudice of a witness," as opposed to proof of negligence or wrongful conduct on the part of the defendant. We find, however, that plaintiffs' alleged evidence of bad faith was simply inappropriate for introduction in this trial. Plaintiffs were interested in making some kind of bad faith claim against defendant's insurance company. However, the complaint was filed against the defendant alone. Prior to the time of trial, plaintiffs declined an opportunity to amend their complaint and join the insurance company as a party, even though they had a right to obtain joinder under Klaudt v. Flink (Mont. 1983), 658 P.2d 1065, 40 St.Rep. 64. Thus, plaintiffs' evidence was irrelevant to the immediate proceeding and properly barred from admission by the trial court's order granting defense counsel's motion in limine. Even if the evidence was appropriate for admission, no attempt was made by plaintiffs' counsel to make an offer of proof outside the

presence of the jury in order to preserve for appeal the issue of bad faith.

The order of the District Court denying plaintiffs a new trial is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices