No. 89-287

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

CLIFFORD BEIL,

Plaintiff and Appellant,

-vs-

THADDEUS MAYER,

Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark E. Westveer; O'Brien Law Office, Missoula,
Montana

For Respondent:

Stacey Weldele-Wade; Worden, Thane & Haines,
Missoula, Montana

Submitted on Briefs: Feb. 15, 1990

Decided: March 27, 1990

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Plaintiff Clifford Beil appeals from a jury verdict of the Fourth Judicial District, Missoula County, finding that the defendant, Thaddeus Mayer, was not liable for damages incurred by Beil in an automobile accident. We reverse.

The issues pertinent to our review are:

1. Whether the District Court erred when it refused Beil's motion in limine requesting the court to prohibit the disclosure to the jury of a previous settlement amount which was attained through the settlement of an injury received in a subsequent automobile collision;

2. Whether Beil waived his objection to the evidence concerning sums paid in the settlement;

3. Whether the error committed by the District Court regarding the settlement amount was harmless error.

On August 27, 1983, Beil and Mayer were involved in an automobile collision. The facts surrounding that accident are not relevant to the issues now before us. However, Beil did bring a lawsuit alleging negligence on the part of Mayer. In that lawsuit Beil sought to recover damages for injuries sustained as a result of the accident.

In addition to the 1983 accident, Beil has been involved in two other automobile collisions. The first collision occurred on March 3, 1979. As a result of this accident, Beil filed a lawsuit which was eventually settled. In January of 1986, Beil was

involved in another automobile accident. A lawsuit was filed, and it, like the previous litigation was settled.

When Beil filed the present lawsuit against Mayer, he sought damages for all medical expenses incurred or yet to be incurred, lost wages, loss of future earning capacity, indefinite future pain and suffering and changes in lifestyle. Before trial he sought a motion in limine to preclude the amounts of the 1979 and 1986 settlements from being admitted as evidence. He argued that this evidence was inadmissible because its disclosure would serve to prejudice the jury and that it was irrelevant and privileged.

Mayer agreed that the amount of the 1979 settlement was not relevant and therefore should not be admitted. However, he maintained that the amount of the 1986 settlement was relevant because Beil was seeking damages for future pain and suffering, future medical expense and future wages. Mayer argued that because Beil had already received compensation for future damages through the 1986 settlement, its amount was relevant to the determination of damages in the present case. He maintained that the jury should be informed of the settlement amount so that it could deduct compensation for future damages already awarded by the 1986 settlement from any monetary compensation that it might award Beil. According to Mayer, if the court did not allow this disclosure, it was possible that Beil may realize a double recovery.

The District Court agreed with Mayer and allowed him to introduce into evidence the amount of the 1986 settlement. Beil had objected to this course of action. However, after his motion in limine was denied, he stipulated to a statement of facts

3

relative to the amount of the settlement. This statement was read to the jury during the course of the trial.

Following the trial, the jury found that Mayer was not negligent and a verdict in favor of the defendant was entered. Beil moved for a new trial and claimed that the District Court's decision to allow the settlement amount into evidence prevented him from having a fair trial and that there was insufficient evidence to justify the jury's verdict. Beil's motion was denied and this appeal followed.

I

Beil maintains that evidence of the amount of the 1986 settlement award was inadmissible because it was irrelevant and prejudicial. We agree that this evidence was not relevant to any substantive issue presented in this trial.

We begin our analysis with the premise that unless otherwise provided, all relevant evidence is admissible and all evidence which is not relevant is not admissible. Rule 401, M.R.Evid. Rule 401 of the Montana Rules of Evidence defines relevant evidence as:

". . . evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."

Mayer argues that the settlement amount was relevant to the issue of damages. He maintains that the jury was entitled to know the amount of the 1986 settlement so that they could render a verdict which would correctly award Beil only damages arising out of the 1983 accident. According to his argument it was a fact question for the jury to decide how much of Beil's future damages

4

were attributable to the 1986 accident and how much were attributable to the 1983 occurrence. In order to make this determination, it was necessary to inform the jury of the 1986 settlement amount.

We disagree with this argument. The monetary value placed upon damages flowing from the 1986 accident has no bearing upon the injuries sustained by Beil in 1983. Damages incurred in the 1983 collision could be established through medical and testimonial evidence. The admission of evidence relating to the 1986 settlement, therefore, only served to interject immaterial, prejudicial information into the trial.

Evidence of this type is usually considered immaterial for two reasons. First, as we stated earlier, the amount of a previous settlement rarely has any relevance to the determination of damages at issue in the present trial. Second, its admission does not give the jury a true picture of the reason for the settlement amount. Oftentimes, an injured plaintiff will accept a settlement for reasons which are extraneous to the true issue at hand. For instance, an insurance policy limit can and often times does, dictate a settlement amount. See Azure v. City of Billings (1979), 182 Mont. 234, 596 P.2d 460. This information cannot, however, be revealed to the jury, and consequently it must operate on incomplete information while engaging in its deliberations. Given this fact, a previous settlement amount should not be revealed to the jury, because it only serves to result in confusion and possible prejudice against the plaintiff.

However, although the amount of a previous settlement is not

5

generally admissible, the nature, extent and severity of a subsequent injury is often relevant to the determination of damages. A tortfeasor should only be held liable for injuries which he causes. He should not be held liable for damages sustained by the plaintiff in a subsequent accident involving a separate tortfeasor. Therefore, the nature and extent of a subsequent injury are relevant to the jury's determination of damages and a jury can be directed to apportion damages through questions supplied on the verdict form. Bruckman v. Pena (Colo. 1971), 487 P.2d 566.

Once damages have been quantified the trial court can deduct any damages for future injuries which were duplicated through separate awards for distinct injuries, if any. Azure v. City of Billings (1979), 182 Mont. 234, 596 P.2d 460. The trial court can tell the jury that it is to concern itself only with the issues before it and not speculate as to amounts of any other settlements received by plaintiff. The court may tell the jury that the court will take care of these factors at a later time after the jury has reached its verdict. Azure, 596 P.2d at 467.

II

Having found the 1986 settlement amount inadmissible, we must now determine whether Beil waived his objection to this evidence.

In order to preserve an objection for purposes of appeal, the objecting party must make an objection and state its specific grounds. The objection must appear on the record. Rule 103, M.R.Evid. As stated earlier, Beil objected to all evidence pertaining to the 1986 settlement amount, before trial, in his

6

motion in limine. Following this refusal, Beil stipulated to an agreed set of facts relative to the amount of settlement. This stipulation was read to the jury during trial. Beil also voluntarily referred to the settlement in his opening argument and through testimony during his case in chief.

Mayer argues that in order to maintain his objection, Beil had to object to the evidence, not only by the motion in limine, but also when the evidence was introduced during the trial. According to this argument, an objection to evidence must be continually renewed, even though a proper objection was registered before trial. Mayer further argues that Beil waived his prior objection by stipulating to agreed facts concerning the 1986 settlement.

Beil, on the other hand, maintains that he properly registered his objection to the evidence. Once that objection was denied, he attempted to deal with its imminent introduction in the best way that he could. As a matter of trial tactics, he brought up the settlement during his case in chief, so that he could attempt to minimize its prejudicial impact. He entered into the stipulation in an effort to prevent needless disagreement over known facts which were part of the settlement. These trial tactics, he maintains, should not constitute a waiver to his original objection.

We agree with Beil's argument. The following exchange between Beil and the District Court Judge indicates that Beil properly preserved his objection for review. The exchange took place following the denial of Beil's motion in limine:

7

Mr. O'Brien: Your Honor, have I sufficiently preserved the objection to that ruling for purposes of appeal?

The Court: Well, I understand that you are objecting to everything I did.

Mr. O'Brien: Okay.

At trial following Beil's original objection, the nature of the evidence was not modified. Therefore, Beil's objection at the time of his motion in limine, covered the same evidence which was presented at trial. We hold that this objection was sufficient, and consequently we can properly review Beil's objection and hold the evidence improperly admitted.

## III

As a final point, Mayer argues that even if the settlement evidence was improperly admitted, the erroneous ruling constituted harmless error. According to Mayer, the jury found that he was not negligent. The 1986 settlement evidence only pertained to damages and since it had no relevance to Mayer's negligence, its admission could not have influenced the jury. It therefore did not affect the outcome of the trial and consequently should be regarded a harmless error, which did not affect the substantial rights of Beil. Based on this assumption, Mayer argues that this Court should not reverse the judgment of the District Court. See Rule 14, M.R.App.P.

We cannot hold as a matter of law that the erroneous admission of this evidence was harmless. In fact, it appears as though the jury may have been substantially influenced by its admission. Following trial, the jury questioned the District Court Judge concerning the damage issue:

8

THE COURT: Now ladies and gentlemen of the jury, the bailiff has handed me this note. "Judge Green, if the jury decided 50/50 percent negligence on behalf of the plaintiff and defendant, how can we represent this on the verdict and still show no monetary reward?" Well, as I instructed you, it would take eight or more of your group to find -- decide on any question involved in this case, and, apparently, you're asking if you find the jury -- the jury finds that the defendant is 50 percent negligent and the plaintiff is 50 percent negligent; is this correct?

JURY FOREPERSON: Yes.

THE COURT: Well, if that is what you find, eight or more of your number on each one of those questions --

JURY FOREPERSON: Yes.

THE COURT: -- you can answer question one, 'Was the Defendant negligent?'; question two, 'Was the Defendant's negligence a proximate cause of injury or damage to the Plaintiff?'; and question three, 'Was the Plaintiff negligent?'. That's where you'd get the two parties. And question four, was the plaintiff's negligence a proximate cause of the injury? Then you could go to question five, 'Using one hundred percent (100%) as the total combined negligence of the parties which contributed to the injury or damage to the Plaintiff, what percentage of such negligence is attributable to the Plaintiff?' There you put in whatever percentage you find is attributable to the Plaintiff. You could then go on, and answer question six, and the Court would take care of the verdict based on what you -- how you answer these questions, but there's no problem with doing that. Do you understand?

JURY FOREPERSON: Huh-uh? May I speak for the group?

THE COURT: Surely.

JURY FOREPERSON: In answering the questions, we did not wish to put all the blame on Mr. Mayer at that particular intersection, nor did we wish to put it all on Mr Beil, and still our monetary rewards would have been so meager --

THE COURT: Now you don't -- I don't want you to explain that to me now.

JURY FOREPERSON: Okay. We go back down again, and put some figures in there.

THE COURT: The thing is whatever percentage you determine is due to the plaintiff you will put in -- as a -- answer to question five. Again, 'Using one hundred percent (100%) as the total combined negligence of the parties which contributed to the injury or damage to the Plaintiff, what percentage of such negligence is attributable to the Plaintiff?' And you have placed in there whatever percentage you find is attributable to the plaintiff. You understand that now?

JURY FOREPERSON: Yes, uh-huh.

THE COURT: Very well. You will be reconducted to the jury room.

This exchange indicates that the amount of settlement had an influence on the jury in determining the responsibility of each party for the accident. Here they found no liability on the part of Mayer.

In prior cases we have stated that where controversial evidence was erroneously admitted at time of trial, and on appeal a showing was made that substantial rights might well have been effected, the error was not harmless. State Highway Commission v. Churchwell (1965), 146 Mont. 52, 403 P.2d 751.

It appears as though Beil's substantial rights have been affected and accordingly the evidence was not harmless. The jury's verdict is vacated and this case is remanded for proceedings consistent with this opinion.

_R. C. McDonough_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John C. Sheehy_

10

_____

_____

_____

_____
Justices

11