No. 91-075

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

MICHELE COSNER,

      Plaintiff and Appellant,

  v.

TODD NAPIER, d/b/a FLATHEAD
TRANSMISSION SPECIALIST,

      Defendant and Respondent.

FILED

JUL -2 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          David L. Astle, Astle & Astle,
          Kalispell, Montana

      For Respondent:

          Daniel W. Hileman, Murray & Kaufman, P.C.,
          Kalispell, Montana

Submitted on Briefs:  June 18, 1991

Decided:  July 2, 1991

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Michele Cosner appeals from the judgment of the District Court for the Eleventh Judicial District in Flathead County, denying appellant's motion for new trial. We affirm the District Court.

The sole issue for our determination is whether the plaintiff's failure to object at trial to the defendant's reference to liability insurance precludes a post-trial motion for a new trial.

The plaintiff was injured at the defendant's place of business when she tripped on an uneven cargo bay entrance. The plaintiff dropped an automobile transmission she was carrying and sustained injuries to her ankle.

Prior to trial, the defendant moved in limine to exclude any testimony or evidence concerning the existence of insurance coverage on behalf of the defendant. That motion was granted.

However, during his own examination, the defendant gave the following testimony:

Q:    Did you talk to her [plaintiff] about what happened?

A:    Kind of. I didn't really get into it too much. But I don't remember if I asked her, you know, what happened or -- I think I asked -- Maybe I did ask what happened or how she was. And I think I offered -- told her, "Do you want my insurance man's phone number?" She just kind of almost laughed and said, "Just one of those things; don't worry about it. I tripped."

On appeal, the plaintiff contends that the mention of insurance was in violation of Rule 411, M.R.Evid., that it unfairly

2

prejudiced her case, and that the judgment should be vacated and a new trial granted. However, the record shows that the plaintiff made no objection to the above statement regarding insurance, nor to statements made by defense counsel in closing which the plaintiff claims inferred the existence of insurance.

This Court has consistently held that parties must make their objections known to the trial court at the time the objectionable conduct or evidence is introduced in order to preserve the issue for purposes of appeal. Beil v. Mayer, 242 Mont. 204, 789 P.2d 1229 (1990); Zimmerman v. Bozeman Production Credit Assn., 233 Mont. 156, 759 P.2d 166 (1988). A timely objection is also required by Rule 103, M.R.Evid.

In Reno v. Erickstein, 209 Mont. 36, 679 P.2d 1204 (1984), under circumstances similar to those in this case, we held that the failure of plaintiff's counsel to make objections at the time references were made by defense counsel regarding defendant's supposed lack of insurance coverage, in violation of defendant's own motion in limine, precluded review of the issue on appeal.

In Rasmussen v. Sibert, 153 Mont. 286, 295, 456 P.2d 835, 840, the Court stated:

> [D]efendant's failure to object or request corrective action constituted a waiver of objection on this issue. It cannot be urged for this first time upon motion for a new trial following an adverse jury verdict. To hold otherwise would not only put the trial court in error on an issue which had not been presented to it for ruling, but would permit a litigant to submit his case to the jury for a possible verdict in his favor, and in the

3

event he was unsuccessful, would permit him another determination by another jury.

(Citations omitted.)

We conclude that the lower court properly denied the plaintiff's motion for a new trial, and the judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4

July 2, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

David L. Astle
ASTLE & ASTLE
705 Main St.
Kalispell, MT   59901

Daniel W. Hileman
ATTORNEY AT LAW
P.O. Box 728
Kalispell, MT   59903-0728

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
      Deputy