No. 97-561

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 115

HOLLIE NEWBAUER,

Plaintiff and Appellant,

v.

STEVEN HINEBAUCH,

Defendant and Respondent.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James M. Kommers, Kommers & Roth, Bozeman, Montana

For Respondent:

Gene I. Brown, Landoe, Brown, Planalp, Braaksma & Reida,
Bozeman, Montana

Submitted on Briefs: April 23, 1998

Decided: May 5, 1998
Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    This is an appeal by Hollie Newbauer (Newbauer), plaintiff, from a final judgment entered May 1, 1997, and from the June 3, 1997 Order of the District Court denying her motion for a new trial.  We affirm.

BACKGROUND

¶2    The underlying action involved a suit for personal injuries arising out of an automobile accident in Bozeman, Montana.  Newbauer's vehicle, while stopped at a traffic light, was struck from the rear by a vehicle driven by Steven Hinebauch (Hinebauch).  The case proceeded to trial on April 21-23, 1997, before a Gallatin County jury.  The jury returned a verdict determining that both Newbauer and Hinebauch were negligent but that Hinebauch's negligence was not the cause of Newbauer's injuries.

¶3    Subsequent to the trial, Newbauer moved for a new trial pursuant to Rule 59, M.R.Civ.P., and §§ 25-11-102 and -104, MCA.  As one of the grounds for her motion, Newbauer contended that she was prejudiced at trial by being induced to mention the existence of Hinebauch's insured status during defense counsel's cross examination.

¶4    Specifically, the following exchange took place:

[DEFENSE COUNSEL]:  You did tell Mr. Hinebauch that you weren't hurt in the accident?

[NEWBAUER]:    He did ask me, "Are you okay?" and I told him "Yeah."  I know it was really cold and I was just numb and I -- even, you know -- when you're scared, you get the little jitters.  And I remember that I was kind of shaky but feeling pain, no.
     . . .

[DEFENSE COUNSEL]:  You say you were scared.  What were you scared of?

[NEWBAUER]:    Well, that had never happened to me before and I was faced with a big decision to make, whether to call the police or not.  And I didn't do it and I didn't know if I was doing all the right things.  I was just going along with -- or talking and he was nice.  He gave me his name and number and address and said, "If your husband saw damage, call me.  I have insurance."  It was just -- you know, I just thought, okay, I'd go home and let him look at it.  I didn't feel like he was giving me a false name or anything, you know, taking off the other way or something.  I felt confident that he was a nice guy.

¶5    At that point the court ordered the noon recess and excused the jury.

Defense counsel immediately moved for a mistrial because Newbauer injected insurance into the case by stating that Hinebauch advised her that he was insured. Defense counsel argued to the court that there was no way to cure the problem and that an instruction or an admonition to the jury would merely compound the situation.

¶6  In response to defense counsel's oral motion for mistrial, Newbauer's counsel stated:

    [NEWBAUER'S COUNSEL]:    Well, we object.  The
    statement was made in response to council's [sic] questions.  It
    was about what his client said.  It's not made with reference to
    any particular element of the case.  The -- council [sic] has
    asked the jury to be aware of -- to use their common sense in the
    case and clearly there is no citation for failure to have insurance
    in this case.

    THE COURT:    All right.  Motion for mistrial is denied.  I
    assume you don't want a cautionary instruction, [defense
    counsel]?

    [DEFENSE COUNSEL]:  No, Your Honor.

    THE COURT:    All right.  So, we'll let it go.

¶7  Following the lunch recess, but prior to the jury returning to court, Newbauer's counsel filed a motion to strike testimony with a request for cautionary instruction. Defense counsel requested the court to instruct the jury as follows:

        You are instructed that the testimony of the Plaintiff
    about the conversation between the Plaintiff and Defendant
    immediately after the accident is stricken from the record and is
    to not be considered by you in making your decision.

In arguing the motion, Newbauer's counsel observed that her reference to Hinebauch's insurance was "such an innocuous element of the case and an inadvertent one, that the jury, without prejudiced [sic] to anybody, can be told to ignore the last exchange."

¶8  The trial court denied the motion and refused the instruction stating that Newbauer's reference to Hinebauch's insurance was inadvertent, was not flagrant, and that the record would be left with the jury as is and without a cautionary instruction unless Hinebauch wanted one. Defense counsel stated he did not want a cautionary instruction.

¶9  During the settling of instructions the court reiterated its rejection of the cautionary instruction and neither of the parties' attorneys had any further objection.

¶10 In denying Newbauer's motion for new trial, the court reiterated that any mention of insurance was inadvertent, did not prejudice Newbauer, and

did not warrant a special instruction.  Newbauer timely appealed.

ISSUES

¶11   On appeal Newbauer raises two issues:

¶12   1.  Whether the District Court erred by its failure to strike testimony and by its failure to give a curative instruction following the introduction of evidence concerning insurance coverage.

¶13   2.  Whether the District Court erred by refusing Newbauer's Instruction No. 24 on the evidence of insurance.

¶14   We address both of these issues together.

STANDARD OF REVIEW

¶15   The law regarding a district court's determination of a motion for new trial is well established.  The general rule is that the decision whether to grant a new trial is committed to the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse of discretion.  Durden v. Hydro Flame Corp., 1998 MT 47, ¶30, ___P.2d ___, ¶30, 55 St.Rep. 198, ¶30. Similarly, questions concerning the admissibility of evidence are within the discretion of the trial court, subject to our review  in situations that indicate an abuse of discretion.  Ryan v. City of Bozeman (1996), 279 Mont. 507, 510, 928 P.2d 228, 230.

DISCUSSION

¶16   Citing Massman v. City of Helena (1989), 237 Mont. 234, 773 P.2d 1206, and Rule 411, M.R.Evid., Newbauer argues that the interjection of liability insurance coverage or non-coverage generally is prohibited by law. Accordingly, Newbauer maintains that the District Court abused its discretion by failing to strike her testimony mentioning that Hinebauch was insured and failing to issue a curative instruction.

¶17   We do not disagree with the general rule that the introduction of evidence of liability insurance is generally not admissible under Rule 411, M.R.Evid., or under Montana case law or that placing such evidence before the jury may necessitate a curative instruction or the granting of a new trial. See Sioux v. Powell (1982), 199 Mont. 148, 152-54, 647 P.2d 861, 863-64; D'Hooge v. McCann (1968), 151 Mont. 353, 359-60, 443 P.2d 747, 750.

¶18   We note further, however, that in Massman we held that the interjection of insurance into the case did not rise to the level of reversible error. Massman, 237 Mont. at 244, 773 P.2d at 1212.  Rather, we stated that the District Court is charged with determining whether any given mention of liability insurance is sufficiently prejudicial to warrant a new trial and that the court's determination depends upon the circumstances and manner in which the subject of insurance came up.  Massman, 237 Mont. at 244, 773 P.2d at 1212.   Here, both the court and Newbauer agreed that her mention of insurance was inadvertent and innocuous.  While Newbauer believed,

nevertheless, that her remark should have been stricken and a cautionary instruction given, the trial judge, in the exercise of his discretion determined otherwise. We are hard pressed, on the facts here, to conclude that the trial court abused its discretion in making this ruling.

¶19 Moreover, we also note that a failure to object or to request corrective action immediately after the mentioning of insurance constitutes a waiver of the objection. Rasmussen v. Sibert (1969), 153 Mont. 286, 294-95, 456 P.2d 835, 839-40; Reno v. Erickstein (1984), 209 Mont. 36, 40-41, 679 P.2d 1204, 1206-07. Accord Stewart v. Fisher (1989), 235 Mont. 432, 437, 767 P.2d 1321, 1324; Cosner v. Napier (1991), 249 Mont. 153, 154-55, 813 P.2d 989, 990-91. Here, defense counsel moved for a mistrial immediately after Newbauer injected Hinebauch's insured status into the case. Defense counsel's motion was, however, opposed by Newbauer and was denied by the trial court. Notwithstanding that Newbauer subsequently changed her mind and requested that the court strike the offending testimony and give a cautionary instruction, we conclude that her objection was neither contemporaneous nor immediate as required by the case law.

¶20 Finally, even were we to determine that the District Court erred in refusing Newbauer's motion to strike and to give the cautionary instruction, such error was harmless. Again, it is well established that no civil case shall be reversed by reason of error which would have no significant impact upon the result; if there is no showing of substantial injustice, the error is harmless. Rafanelli v. Dale (1996), 278 Mont. 28, 48, 924 P.2d 242, 254-55 (citation omitted). Reversal cannot be predicated upon an error in the admission of evidence, where the evidence in question was not of such character to have affected the result in the case. Mason v. Ditzel (1992), 255 Mont. 364, 371, 842 P.2d 707, 712 (quoting Lauman v. Lee (1981), 192 Mont. 84, 90, 626 P.2d 830, 834).

¶21 Here, the jury determined that while both Newbauer and Hinebauch were negligent, Hinebauch's negligence was not the cause of Newbauer's injuries. The jury never reached the issue of damages. If the mention of insurance had in some way influenced the jury in their assessment of the case, it would have been in the area of damages and not on the issue of causation. Newbauer argues that Hinebauch built his case around the theory that she was a gold digger and that the mention of insurance prejudiced her by fitting into this theory. This argument is speculative at best, however. The jury never reached the issue of damages. There was no significant impact upon the result of the case, and, thus, Newbauer has failed to demonstrate substantial injustice. In short, even if the court erred, it was harmless. Rafanelli, 278 Mont. at 48, 924 P.2d at 255.

¶22 We hold that the court did not manifestly abuse its discretion in denying Newbauer's motion for new trial.

¶23 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/   WILLIAM E. HUNT, SR.
/S/   JIM REGNIER
/S/   KARLA M. GRAY
/S/   W. WILLIAM LEAPHART