No. 98-378

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 233N

DONALD POTTER,

Plaintiff and Appellant,

v.

ROBERT SMOKE; JAMES HAGEN, owner

and d/b/a OLD TRAPPER TAXI/RENT-

A-WRECK,

Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John C. Doubek, Small, Hatch, Doubek & Pyfer; Helena, Montana

For Respondents:

Jacqueline T. Lenmark, Keller, Reynolds, Drake, Johnson &

Gillispie, P.C.; Helena, Montana

---

Submitted on Briefs: April 29, 1999

Decided: September 28, 1999

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶Donald Potter filed a complaint against the Defendants, Robert Smoke and James Hagen, for damages sustained in an automobile accident. The Defendants admitted liability and a jury trial was held in the First Judicial District Court, Lewis and Clark County, solely on the issue of damages. The jury returned a verdict in the sum of $10,000. Potter moved for a new trial based on statements made by defense counsel during closing arguments. Potter appeals from the District Court's order denying his motion for a new trial. For reasons stated below, we affirm the District Court's order.

3. ¶Potter's appeal raises the following issue:

4. ¶Did the District Court err by denying Potter's motion for a new trial?

## FACTUAL BACKGROUND

1. ¶On November 14, 1994, at approximately 2:30 p.m., Donald Potter was driving his 1994 F-250 supercab pickup south on Montana Avenue in Helena, Montana. As he was driving through the intersection of Montana and Prospect Avenues, Potter's vehicle was struck by a 1992 Dodge van driven by Robert Smoke. Smoke had been driving west on Prospect Avenue and had failed to stop for a red light. At the time of the accident, Smoke was employed by James Hagen as a taxi driver for Old Trapper Taxi and was driving a van owned by Hagen.

2. ¶On October 14, 1996, Potter filed a complaint in the First Judicial District Court, Lewis and Clark County, asserting that Smoke and Hagen were liable for damages he suffered as a result of the accident. The Defendants ("Hagen") admitted liability and the case proceeded to trial on the issue of damages. A jury trial was held on May 26 and 27, 1998. Potter sought $350,000 in damages for medical bills and expenses, diminished earnings and earnings capacity, pain and suffering, anxiety, altered and impaired life and lifestyle, and emotional stress and suffering. In support of these claims, Potter testified as to his injuries as did members of his family, a doctor, and two chiropractors who had treated him. Potter also testified that as a result of his injuries, he was forced to change jobs and had to close a meatcutting business in which he was part-owner and operator. Hagen submitted the testimony of a doctor who had examined Potter at Hagen's request. The jury awarded Potter

$10,000 in damages and the District Court entered judgment in that amount.

3. ¶On June 12, 1998, Potter moved for a new trial, asserting that he was prejudiced by remarks made by defense counsel during closing arguments which insinuated that Hagen, and not Hagen's insurer, would be personally paying any damage award. The District Court denied Potter's motion. Potter appeals from the order denying his motion for a new trial.

## STANDARD OF REVIEW

1. ¶The decision whether to grant a new trial is committed to the sound discretion of the district court. *Newbauer v. Hinebauch*, 1998 MT 115, ¶ 15, 288 Mont. 482, ¶ 15, 958 P.2d 705, ¶ 15. We will affirm a district court order denying a motion for a new trial absent a showing of manifest abuse of discretion. *Newbauer*, ¶ 15.

## DISCUSSION

1. ¶Did the District Court err by denying Potter's motion for a new trial?
2. ¶Potter claims that during closing arguments defense counsel made several statements to the jury which implied that Hagen had no insurance. First, Potter refers to two separate instances where defense counsel stated that Hagen had "agreed to be responsible" for the damages that he had caused. Second, Potter refers to the following colloquy as evidence that defense counsel improperly implied that Hagen was not insured:

DEFENSE COUNSEL: Don Potter should be compensated for his medical expenses. And those expenses, as I recall them from plaintiff's exhibit were $1,789.90, $1,790. There's nothing included here for Mr. Potter's seeing Dr. Coletti. It's because Mr. Hagen has already paid for that office visit.

POTTER'S COUNSEL: Object to that statement. Mr. Hagen hasn't paid for that bill, as counsel well knows.

THE COURT: It's not an issue you need to worry about.

Lastly, Potter points to two instances where defense counsel requested that the jury be fair to Mr. Hagen. Potter claims that he was prejudiced by these statements and therefore he deserves another trial. Hagen contends that these statements do not raise an inference that Hagen lacked liability insurance, nor was Potter prejudiced by any potential inference raised by those statements.

1. ¶The introduction of evidence of liability insurance is generally not admissible. *Newbauer*, ¶ 17. Rule 411, M.R.Evid., states:

Evidence that a person was or was not insured against liability is not admissible upon the issue of whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

This rule clearly prohibits the introduction of the fact that a party was not protected by liability insurance. *Sioux v. Powell* (1982), 199 Mont. 148, 152, 647 P.2d 861, 864.

1. ¶We are not convinced that defense counsel introduced evidence of Hagen's liability insurance or lack of liability insurance during her closing arguments. Defense counsel's statements, to the effect that the Defendants agreed to be responsible for the damages they caused, do not raise an inference that Hagen was not covered by liability insurance. Rather, the most reasonable interpretation of these statements is that defense counsel was referring to Hagen's admission of liability-Hagen agreed that he was legally "responsible." Similarly, defense counsel's requests that the jury be fair to both Hagen and Potter do not raise an inference about Hagen's insurance coverage. Finally, defense counsel's statement that "Hagen has already paid" for Dr. Coletti's examination of Potter, likewise appears to be innocuous, when read in the context of defense counsel's entire closing argument. During that stage of her closing arguments, defense counsel was attempting to clarify for the jury the amount of Potter's medical expenses for which Hagen conceded liability but for which Potter had not yet been reimbursed. Defense counsel first drew the jury's attention to Potter's expenses for a doctor visit; she then mentioned that Potter did not have any expenses associated with his visit to Dr. Coletti (the statement to which Plaintiff's counsel objected); she then mentioned that Potter had incurred and would be

incurring expenses associated with ongoing chiropractic treatments. Given this context, the District Court could have reasonably concluded that defense counsel did not raise an impermissible inference concerning Hagen's liability insurance coverage or his lack of coverage.

2. ¶Furthermore, even if we accept Potter's contention that the above statements violated Rule 411, M.R.Evid., not every interjection of evidence of liability insurance rises to the level of reversible error. *See Massman v. City of Helena* (1989), 237 Mont. 234, 244, 773 P.2d 1206, 1212. The District Court must determine whether any given mention of liability insurance is sufficiently prejudicial to warrant a new trial given the circumstances and manner in which the subject of insurance came up. *Newbauer,* ¶ 18.

3. ¶Potter has not shown that he was prejudiced by any inferences regarding liability insurance raised by defense counsel. As noted above, the jury would have been hard pressed to infer that Hagen did not have liability insurance from the statements to which Potter draws our attention. Even if the jury were able to draw that inference, the District Court could have concluded that any prejudice suffered by Potter was outweighed by the court's corrective actions. After Plaintiff's counsel objected to defense counsel's statement that "Hagen [had] already paid" for one medical bill, the court admonished the jury that it was "not an issue you need to worry about." The court also instructed the jury that the statements of counsel were not to be considered as evidence.

4. ¶We conclude that the District Court did not manifestly abuse its discretion by denying Potter's motion for a new trial. None of the statements to which Potter draws our attention sufficiently raise an impermissible inference of liability insurance coverage, nor has Potter shown that, even if the inference was raised, he suffered any prejudice as a result of the District Court's denial of his motion.

5. ¶Accordingly, we affirm the District Court's order denying a new trial.

/S/ JIM REGNIER

We Concur:

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY