No. 99-637

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 253N

SHANNON L. SORLIE,

Petitioner and Appellant,

v.

MONTANA DEPARTMENT OF COMMERCE,

and THE MONTANAN BOARD OF REAL

ESTATE APPRAISERS,

Respondents and Respondents.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Shannon L. Sorlie, Pro Se, Great Falls, Montana

For Respondents:

F. Lon Mitchell, Montana Department of Commerce, Helena, Montana

Submitted on Briefs: March 23, 2000
Decided: September 21, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Shannon L. Sorlie appeals from the Order on Petition for Judicial Review issued by the Eighth Judicial District Court, Cascade County, affirming the decision of the Board of Real Estate Appraisers. We affirm.

¶3 Sorlie's appeal raises the following issues:

¶4 1. Whether the Board exceeded its statutory authority in adopting Rule 8.57.417(5)(a), ARM?

¶5 2. Whether the Board erred in granting summary judgment in favor of the Department of Commerce?

¶6 3. Whether the District Court erred in concluding that Sorlie's allegations of unlawful procedural irregularities were without merit?

## BACKGROUND

¶7 On February 3, 1997, Sorlie filed an application for licensing as a real estate appraiser with the Montana Board of Real Estate Appraisers. The Board issued a Notice of Proposed Denial of Application and Opportunity for Hearing in which it stated that it had reviewed Sorlie's application and determined that Sorlie had failed to submit evidence of a certification issued by the Montana Department of Revenue (DOR) as required by Rule 8.57.417(5), ARM. Sorlie filed a request for a hearing on May 12, 1997. The Department of Commerce moved for summary judgment asserting that the Board's proposed denial was correct because Sorlie did not submit evidence of residential certification. Sorlie responded that although he did not have a DOR residential certificate, he had supplied the

Board with other evidence of his experience and qualifications in the form of an affidavit from his former supervisor. The hearing examiner heard oral argument on the motion and granted the Department of Commerce's request for an opportunity to further brief its motion.

¶8 On September 18, 1997, the hearing examiner granted summary judgment in favor of the Department of Commerce. Sorlie filed exceptions to the hearing examiner's order with the Board contending that Rule 8.57.417(5), ARM, exceeded the Board's rule making authority. On September 17, 1998, the Board issued an order adopting the hearing examiner's proposed order and denying Sorlie's application.

¶9 On October 15, 1998, Sorlie filed a Petition for Judicial Review in the Eighth Judicial District Court, Cascade County, repeating his claim that the Board had exceeded its rule making authority and also claiming, inter alia, that the Board's process was unlawful in that the Board did not allow him to view evidence presented against him, did not allow him to rebut accusations made by opposing counsel, did not record the hearing, and had ex parte communications with opposing counsel. The District Court issued an Order on Petition for Judicial Review affirming summary judgment in favor of the Department of Commerce and denying Sorlie's claims of procedural irregularity. Sorlie appeals.

## STANDARD OF REVIEW

¶10 A district court reviews an administrative decision in a contested case to determine whether the findings of fact are clearly erroneous and whether the agency correctly applied the law. *Langager v. Crazy Creek Prod., Inc.*, 1998 MT 44, ¶ 13, 287 Mont. 445, ¶ 13, 954 P.2d 1169, ¶ 13. We employ the same standards when reviewing a district court order affirming or reversing an administrative decision. *Langager*, ¶ 13.

## ISSUE ONE

¶11 Whether the Board exceeded its statutory authority in adopting Rule 8.57.417(5)(a), ARM?

¶12 Section 37-54-202(4), MCA (1995), provides, in relevant part, that in order to qualify for a real estate appraiser license, an applicant:

[M]ust have experience in real estate appraisal as prescribed by the board. The

board shall adopt rules pertaining to real estate appraisal experience that substantially comply with and are not more stringent than those required for compliance with Title XI of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989.

Rule 8.57.417, ARM, provides the rules which pertain to an applicant's submission of ad valorem tax appraisal experience. Rule 8.57.417(5), ARM (1993), requires that applicants who attempt to fulfill the real estate appraisal experience requirement for licensure through submission of evidence of ad valorem tax appraisal experience shall hold a DOR residential certification and submit proof of this certification through a supervisor's affidavit or separate documentation issued to the applicant.

¶13 Sorlie contends that the Board exceeded its statutory rule making authority by requiring that ad valorem applicants hold a DOR residential certification in order to qualify for licensure. Sorlie believes that this requirement violates § 37-54-202(4), MCA (1995), in that it is "more stringent than . . . required for compliance with Title XI of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989." (Hereinafter "FIRREA.")

¶14 Pursuant to FIRREA, all appraisals performed in connection with federally related transactions must be performed by individuals who are state certified or licensed. 12 U.S.C. § 3348. FIRREA also provides for the establishment of an "Appraisal Subcommittee" which, among other duties, monitors the requirements established by states for the certification and licensing of appraisers. 12 U.S.C. § 3332. FIRREA does not dictate any particular experience standards for state licensing. "[T]he term 'State licensed appraiser' means an individual who has satisfied the requirements for State licensing in a State or territory." 12 U.S.C. § 3345. Rather than impose specific requirements regarding state licensing, FIRREA provides that the Appraisal Subcommittee will not recognize appraiser certifications and licenses from States whose appraisal policies, practices, or procedures are found to be inconsistent with its provisions. 12 U.S.C. § 3347.

¶15 The Board has not exceeded its rule making authority under § 37-54-202(4), MCA (1995). FIRREA does not dictate any particular experience standards for state licensing of appraisers except that these appraisers "satisfy the requirements for State licensing in a State." Therefore, Rule 8.57.417(5), ARM (1993), by requiring applicants whose experience is based on performing ad valorem tax appraisals to submit proof of DOR residential certification, is not "more stringent" than FIRREA.

¶16 Affirmed.

## ISSUE TWO

¶17 Whether the Board erred in granting summary judgment in favor of the Department of Commerce?

¶18 Sorlie argues that regardless of the validity of Rule 8.57.417(5), ARM (1995), he had the right to present alternative evidence of his qualifications and the Board had an obligation to consider such evidence. Sorlie presents two separate arguments in this regard.

### A. Rule 8.57.417(5), ARM (1993)

¶19 Sorlie observes that Rule 8.57.417(5)(a), ARM (1995), provides that "applicants [for licensure] shall hold [a DOR residential certification] . . . as verified on supervisor's affidavit or by separate documentation issued to applicant." Sorlie asserts that the phrase "as verified on supervisor's affidavit or by separate documentation issued to applicant" entitles him to satisfy the experience qualification by either submitting proof he received DOR residential certification or submitting proof that he was qualified for DOR residential certification even though he had not been certified. We disagree.

¶20 The phrase "as verified on supervisor's affidavit or by separate documentation" clearly refers to evidence that the applicant "hold[s]" a DOR residential certification. This phrase does not permit an applicant to avoid the requirement of proving that he or she holds DOR residential certification by submitting proof that the applicant is otherwise qualified for DOR residential certification.

### B. Rule 8.57.404(7), ARM (1995)

¶21 Sorlie also claims that he was entitled to submit proof that he was otherwise qualified for DOR residential certification, as opposed to proof that he actually held DOR residential certification, pursuant to Rule 8.57.404(7), ARM (1995). However, Rule 8.57.404(7), ARM (1995), does not excuse applicants for licensure who are submitting proof of ad valorem tax appraisal experience from also submitting proof of DOR residential certification.

¶22 "A licensed appraiser must present evidence of 2000 hours of appraisal experience." Rule 8.57.405(1), ARM (1995). "All evidence of previous appraisal activity must be supported by written file memorandum or actual written reports." Rule 8.57.404(3), ARM (1995). An applicant who is unable to provide evidence of appraisal activity supported by written file memoranda or written reports must submit, among other things, an experience log and a written affidavit from an individual with direct knowledge of the applicant's work. Rule 8.57.404(7), ARM (1995).

¶23 Although Rules 8.5.404(3) and (7), ARM (1995), require all applicants submit written file memorandum or actual written reports or their equivalent in order to satisfy the 2000-hour experience requirement, nothing in these rules suggests that submission of this evidence will be sufficient proof of experience for all applicants. For those applicants who have ad valorem tax appraisal experience, submission of experience logs and supervisor's affidavits is not sufficient proof of experience. An applicant for licensure with ad valorem tax appraisal experience must submit evidence of previous appraisal activity, including an experience log and supervisor's affidavit, Rule 8.57.417(3), ARM (1993), *as well as* proof that the applicant holds a DOR residential certification, Rule 8.57.417(5), ARM (1993).

¶24 Sorlie attempted to satisfy the appraisal experience requirement by submitting documentation of ad valorem tax appraisal experience. Sorlie did not submit proof that he held a DOR residential certification. Sorlie did not satisfy the experience requirement for licensure.

¶25 Affirmed.

## ISSUE THREE

¶26 Whether the District Court erred in concluding that Sorlie's allegations of unlawful procedural irregularities were without merit?

### A. Recording Board Meetings

¶27 Sorlie contends that the Board violated §§ 2-4-604 and -614, MCA, because the Board did not make a recording of its June 8 and September 18, 1998, meetings.

¶28 Section 2-4-604(2)(e), MCA, provides that in informal proceedings brought pursuant to its provisions "[t]he record must consist of . . . a recording of any hearing held." Section

2-4-603(2), MCA, provides, in relevant part:

> [P]arties to a contested case may waive in writing a formal proceeding under this part. The parties may then utilize the informal proceedings under 2-4-604. *Parties to contested case proceedings held under Title 37 or under any other provision relating to licensure to pursue a profession or occupation may not waive formal proceedings.*

(Emphasis added.)

¶29 Sorlie's contested case was held pursuant to Title 37 and related to licensure to pursue a profession. Consequently, the parties did not and could not waive formal proceedings. Therefore, § 2-4-604, MCA, governing "informal proceedings," was not applicable.

¶30 Sorlie also contends that he was entitled to a recording of the Board meetings pursuant to § 2-4-614, MCA. Section 2-4-614(1)(b), MCA, provides, "The record in a contested case shall include . . . all evidence received or considered, including a stenographic record of oral proceedings when demanded by a party."

¶31This provision is capable of a number of interpretations. For instance, this provision could be interpreted to require the creation of a stenographic record only when one is "demanded by a party" prior to an oral proceeding. Sorlie has not presented us with any evidence that he demanded a stenographic record before the Board hearings.

¶32 Because the provision uses the term "including," it could also be interpreted to only require recordings of oral proceedings in which evidence is "received or considered," such as the taking of oral testimony. If this were true, the requirement of a stenographic record would not include oral proceedings such as the review of a hearing examiner's proposed decision by the Board. An agency's review of a hearing examiner's decision is a review of an evidentiary record already created pursuant to a contested case hearing; it is not an oral proceeding in which evidence is received and considered. *See* § 2-4-621(1) and (3), MCA.

¶33 Lastly, this provision could be interpreted broadly, as Sorlie suggests, to require the recording of any and all oral proceedings held in the course of reaching a final decision in a contested case. However, even if § 2-4-614(1)(b), MCA, required the Board to create a stenographic recording of its hearings on Sorlie's exceptions to the hearing examiner's proposed decision, it would not require reversal in this case because Sorlie suffered no

prejudice as a result. We will not a reverse a decision by reason of error which would have no significant impact upon the result; if there is no showing of substantial injustice, the error is harmless. *See Newbauer v. Hinebauch*, 1998 MT 115, ¶ 20, 288 Mont. 482, ¶ 20, 958 P.2d 705, ¶ 20.

¶34 Sorlie contends that the prejudice he suffered is that the opposing attorney presented the Board with a copy of FIRREA, referred to a brief she had submitted in opposition to Sorlie's exceptions, and pointed to a paragraph in Sorlie's brief, alleging that he "made that up." Sorlie contends that had a record of the Board meetings been created, he could prove that the Board's process was unlawful. However, we have reviewed de novo the Board's legal conclusions and we have determined, without relying on any of documents allegedly illegally filed with the Board, that Sorlie was required to submit proof that he held DOR residential certification. Sorlie has suffered no prejudice as a result of the lack of a stenographic recording of the Board's hearings, the submission of any documents to the Board by opposing counsel, or opposing counsel's claim that his legal arguments were invented. These errors, if they occurred, would have had no significant impact upon the result.

### B. Ex Parte Communications

¶35 Sorlie contends that the Board violated § 2-4-613, MCA, because the Board had ex parte communications with opposing counsel.

¶36 Section 2-4-613, MCA, provides, in relevant part, "persons . . . who are charged with the duty of rendering a decision . . . in a contested case . . . shall not communicate with any party . . . *in connection with any issue of fact or law in such case* except upon notice and opportunity for all parties to participate." (Emphasis added.)

¶37 The "issue of fact or law in such case," as articulated by Sorlie in his Brief in Support of Exceptions to Summary Judgment, was whether Rule 8.57.417(5), ARM (1993), exceeded the Board's rule making authority. Deb Harten-Moore appeared at the June 8, 1998, Board meeting in opposition. The minutes of the June 8, 1998, meeting indicate that Ms. Harten-Moore, Annie Bartos, and Perry Eskridge appeared before the Board prior to the hearing on Sorlie's exceptions and reviewed the disciplinary and adjudicative process with the Board. In an affidavit, Perry Eskridge, the Board's legal counsel, stated that "the discussion was relative to the *disciplinary hearing process* under the provisions of the Montana Uniform Licensing Act found in Title 37, Montana Code Annotated." (Emphasis

added.)

¶38 There is no indication that Ms. Harten-Moore discussed the licensing process in general or the particular issue of whether Rule 8.57.417(5), ARM (1993), exceeded the Board's rule making authority when meeting with the Board prior to the Board's hearing on Sorlie's exceptions. The only evidence in the record regarding the communications between Ms. Harten-Moore and the Board indicates that the discussion involved the disciplinary hearing process. Therefore, the communications between the Board and opposing counsel did not violate § 2-4-613, MCA, because they were not in connection with any issue of fact or law in Sorlie's case.

### C. Evidence

¶39 Sorlie contends that the Board violated § 2-4-612, MCA, because the Board did not allow him to present new evidence of his previous appraisals and an excerpt of a deposition.

¶40 Section 2-4-612(1), MCA, provides that "[o]pportunity shall be afforded all parties to respond and present evidence and argument *on all issues involved.*" (Emphasis added.) Section 2-4-612(2), MCA, provides, in relevant part, "agencies shall be bound by common law and statutory rules of evidence." Rule 402, M.R.Evid., provides, "Evidence which is not relevant is inadmissible."

¶41 Sorlie's evidence regarding his previous appraisals and the deposition excerpt is not evidence on an issue raised in the Board's hearing on his exceptions to the hearing examiner's decision. As stated above, Sorlie's exception to the hearing examiner's grant of summary judgment was that Rule 8.57.417(5), ARM (1993), exceeded the Board's rule making authority in that it was more stringent than FIRREA. Neither evidence of Sorlie's previous appraisals nor the deposition excerpt could assist the Board in resolving this legal issue. Sorlie's evidence was not relevant to any "issue involved." Therefore, it was not admissible.

### ¶42 D. Other Matters

¶43 Sorlie contends that the Board erred in its decision by referring to § 37-54-202, MCA (1997), because this statute was not in effect when he submitted his application. Sorlie contends that the Board also erred in its decision by referring to Rule 8.57.417(7), ARM,

when it meant to rule on the legality of Rule 8.57.417(5)(a), ARM (1993). Sorlie is correct in maintaining that the Board referred to the wrong provisions in its Order Adopting Hearing Examiner's Proposed Order. However, Sorlie suffered no prejudice by this error. These typographical errors do not undermine the correctness of the Board's legal conclusion: Sorlie was required to submit proof of DOR residential certification.

¶44 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART